JONES 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00314-CR







Kristina Mary Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0935894, HONORABLE TOM BLACKWELL, JUDGE PRESIDING








 Appellant Kristina Mary Jones was convicted of murder and assessed punishment
of twenty years' imprisonment. Tex. Penal Code. Ann. § 19.02 (West 1994). (1) In two points of
error, Jones appeals. We will affirm the judgment of the trial court.



BACKGROUND


 Appellant owned and managed several duplexes in North Austin. Maroun
Moussallem, the victim, responded to a newspaper ad placed by appellant to attract prospective
roommates for her tenants and soon became involved in a personal relationship with appellant. 
Appellant allowed Moussallem to manage her apartments, and he performed such tasks as making
minor repairs and collecting rent from the tenants. Appellant testified that Moussallem lived with
her for over a year during which time he abused her both mentally and physically and stole money
from her. Witnesses at trial confirmed the volatile nature of their relationship.

 In September 1993, Moussallem began seeing another woman. Moussallem
attempted to collect several thousand dollars from appellant for work allegedly done in connection
with her apartments. Moussallem intended to file a mechanic's lien against appellant's property
on October 11, 1993. Before filing the lien, Moussallem went to appellant's duplex on October
10, 1993 to try one last time to collect the money. Appellant shot Moussallem four times in his
body, reloaded her gun with a different kind of bullet, and then shot him once in the head. 
Moussallem died as a result of the wounds. At trial, appellant did not dispute that she killed
Moussallem, but argued that she shot him in self defense and that there had been a pattern of
abuse. The record is unclear as to whether a struggle occurred before appellant shot him. The
jury found that appellant was guilty of murder and that she used a deadly weapon during its
commission.



DISCUSSION


 In her first point of error, appellant contends that there was insufficient evidence
to show the offense was committed with a handgun as was alleged in the indictment and that, as
a result, the trial court erred in entering a guilty verdict. In determining the sufficiency of the
evidence to support a criminal conviction, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, a rational trier of fact could find the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Griffin v. State, 614 S.W.2d 155,159 (Tex. Crim. App. 1981).

 Appellant asserts that there is no evidence in the record to establish that she used
a handgun to kill Moussallem as alleged in the indictment. She argues that there is a legal
distinction between the terms "gun" and "handgun" and that the State was required to specifically
prove appellant used a handgun, rather than just a gun, to commit the crime.

 We find an abundance of evidence in the record to show that appellant committed
the offense with a handgun. Officer Susan Myers, the first police officer on the scene, testified, 
"And then I asked her where the weapon was. She told me that it was in front of the bathroom
downstairs. I stepped inside and saw that the--there was a handgun, looked like a .38 revolver." 
Further, appellant admitted during cross-examination to committing the offense with a handgun. 
Appellant was asked the question, "And you shot him the final shot in the head with that handgun
here, State's exhibit No. 30 [a .38 caliber revolver]; is that right?" to which she responded "Yes." 
The evidence presented at trial was sufficient for the trier of fact to find beyond reasonable doubt
that appellant committed the offense with a handgun. Accordingly, we overrule appellant's first
point of error.

 In her second point of error, appellant alleges that the evidence was insufficient to
show that the deadly weapon alleged in the indictment was actually used to commit the offense
and that the trial court erred in entering an affirmative finding as to appellant's use of that deadly
weapon. Appellant claims that this improper affirmative finding may prevent her from becoming
eligible for release on parole as soon as she would have been had no finding been made. See Polk
v. State, 693 S.W.2d 391, 393 (Tex. Crim. App. 1985).

 A handgun is a deadly weapon per se. Ex Parte Campbell, 716 S.W.2d 523, 526-27 (Tex. Crim. App. 1986). Many witnesses, including the first police officer on the scene and
appellant's neighbor, testified that they saw appellant in possession of a gun immediately after the
commission of the murder. Appellant herself told the jury that she used a handgun to shoot
Moussallem. When the use of a handgun is alleged in the indictment, a finding of guilty supports
an affirmative finding that a deadly weapon was used. See Polk, 693 S.W.2d at 394. Appellant's
second point of error is overruled.



CONCLUSION


 We affirm the judgment of conviction.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 1, 1996

Do Not Publish

1.   This offense took place before September 1, 1994 and is governed by the law in
effect at the time the offense was committed. Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d Leg., R.S.,
ch. 426, art.2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02, since
amended). Because the code amendments effective September 1, 1994 have no substantive
effect on this offense, the current code is cited for the sake of convenience.


BR WP="BR1">

DISCUSSION


 In her first point of error, appellant contends that there was insufficient evidence
to show the offense was committed with a handgun as was alleged in the indictment and that, as
a result, the trial court erred in entering a guilty verdict. In determining the sufficiency of the
evidence to support a criminal conviction, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, a rational trier of fact could find the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Griffin v. State, 614 S.W.2d 155,159 (Tex. Crim. App. 1981).

 Appellant asserts that there is no evidence in the record to establish that she used
a handgun to kill Moussallem as alleged in the indictment. She argues that there is a legal
distinction between the term